# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| MICHAEL C. HUGHES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Civil No. 10-5061-CV-SW-RED |
| ) | Crim No. 08-5025-01-CR-SW-RED |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Now before the Court is Michael C. Hughes' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1). After careful consideration of all submissions, the Court **DENIES** the Motion (Doc. 1).

## BACKGROUND

Hughes pled guilty to knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) on February 18, 2009. This Court sentenced Hughes on March 19, 2010. Hughes received a sentence of 24 months, which was below the guideline range. Hughes asserts four grounds for setting aside his sentence: 1) false intelligence/ information by the F.B.I.; 2) entrapment; 3) invalid plea agreement contract; and 4) double jeopardy.

## DISCUSSION

Hughes' § 2255 Motion fails, considering Hughes waived the right to collaterally challenge his sentence in his plea agreement with the United States. Paragraph 15(b) of the plea agreement

in part provides,

> The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, [a] sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

Such waivers are generally upheld, but "are not absolute." *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). "For example, defendants cannot waive their right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement. . . In addition, the decision to be bound by the provisions of the plea agreement, including the waiver provisions, must be knowing and voluntary." *Id*. (citations omitted).

In this case, the waiver bars Hughes' Motion, as Hughes is collaterally appealing his sentence and no exception applies. Hughes' sentence was neither illegal nor imposed in excess of the statutory maximum, considering Hughes received a sentence below the guideline range. Further, Hughes signed the plea agreement directly below the following statement: "I have read this plea agreement and carefully reviewed every part of it. I understand this plea agreement and I voluntarily agree to it." Therefore, Hughes' waiver was knowing and voluntary.

## CONCLUSION

For the foregoing reasons, Hughes' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED** (Doc. 1).

**IT IS SO ORDERED.**

DATED: January 4, 2011      */s/ Richard E. Dorr*
                                                  RICHARD E. DORR, JUDGE
                                                  UNITED STATES DISTRICT COURT